Stevana CASE, et al., Plaintiffs,

v.

UNIFIED SCHOOL DISTRICT NO.
233, Johnson County, Kansas, et
al., Defendants.

Civ. A. No. 94–2100–GTV.

United States District Court,
D. Kansas.

May 17, 1995.

J. Eugene Balloun, David J. Waxse, John
T. Bullock, Shook, Hardy & Bacon, Overland
Park, KS, Marjorie Heins, American Civ.
Liberties Union, New York City, for plain-
tiffs.

James R. Goheen, Daniel B. Denk, Grego-
ry P. Goheen, McAnany, Van Cleave & Phil-
lips, P.A., Kansas City, KS, Michael G. Nor-
ris, Norris, Keplinger & Logan, L.L.C., Ov-
erland Park, KS, for defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is now before the court on "De-
fendants' Motion to Review Magistrate's Or-
der" (Doc. 81). Plaintiffs have responded
and oppose the motion. For the reasons
stated below, the motion is denied.

■ Under 28 U.S.C. § 636(b)(1)(A), the
district court's scope of review of a magis-
trate's decision is whether the order has
been shown to be "clearly erroneous or con-
trary to law." *Ocelot Oil Corp. v. Sparrow
Industries*, 847 F.2d 1458, 1461–62 (10th Cir.
1988). The "clearly erroneous standard" re-
quires that the court affirm the decision of
the magistrate unless "on the entire evidence
[the court] is left with a definite and firm
conviction that a mistake has been commit-
ted." *Id.* at 1464 (quoting *United States v.
United States Gypsum Co.*, 333 U.S. 364,
395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)).
*See also* Fed.R.Civ.P. 72(a); D.Kan. Rule
604(a).

Defendants request a review of Magistrate
Rushfelt's order dated March 10, 1995 (Doc.
77). The order granted plaintiffs' first mo-
tion to compel production of documents and

awarded sanctions against defendants' counsel. The motion to compel asked the court to compel the production of certain documents identified in discovery and responsive to plaintiffs' first request for production of documents and subject to the defendants' disclosure obligations under Fed.R.Civ.P. 26. Although defendants produced some of the documents requested, they had failed to serve a written response to the request for production as required under Fed.R.Civ.P. 34(b). Defendants did not respond to the motion to compel. Magistrate Rushfelt ordered defendants to produce the requested documents on or before March 30, 1995. He also awarded sanctions pursuant to Fed.R.Civ.P. 37(d) in the amount of $200 to be paid to plaintiffs on or before March 25, 1995.

■ Defendants argue that the magistrate's order should be set aside because they did respond to plaintiffs' request for production by producing many of the documents and that they have supplemented their response as documents have become available. Defendants also argue that the award of sanctions under Rule 37(d) was inappropriate.

As Magistrate Rushfelt's order stated, "[D.Kan.R. 206(g) ] 'provides that if a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.' " Defendants have provided no basis for the court to set aside the magistrate's order to compel production of the responsive documents. The court concludes that the order to compel is not clearly erroneous.

■ Defendants' primary objection to the magistrate's order concerns the imposition of sanctions. Defendants argue that sanctions under Rule 37(d) are appropriate only when there is a complete failure of a party to affirmatively respond to discovery requests. Defendants assert that they have appropriately responded to the request for production to date.

Fed.R.Civ.P. 37(d) allows the court to impose sanctions in the absence of a court order. Rule 37(d) provides in part:

If a party ... fails ... (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just.... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Defendants failed to serve a written response to the request for production of documents. Rule 34(b) clearly requires a written response within 30 days after service of the request. "Failure to do so, even though the discovery sought may be wholly objectionable, exposes the party served with the request to the sanctions of Rule 37(d) unless it has applied for a protective order." Wright & Miller, 8A Federal Practice and Procedure § 2213 (1994).

Defendants argue that enforcement of the written response requirement of Rule 34(b) places form over substance because they have provided the documents requested. The court notes, however, that defendants provided some of the documents only after plaintiffs filed the motion to compel. *See* Memorandum in Support of Defendants' Motion to Review Magistrate's Order, Exhibit 1. "[P]artial compliance after a failure to file a response does not prevent the applicability of sanctions pursuant to Rule 37(d) for failure to file a response." *Petroleum Insurance Agency, Inc. v. Hartford Accident and Indemnity Co.,* 106 F.R.D. 59, 67 (D.Mass. 1985); *see also Mr. Frank, Inc. v. Waste Management, Inc.,* 591 F.Supp. 859, 863–64 (N.D.Ill.1984) (party's failure to produce some of the documents requested and failure to provide a written response with respect to those documents not produced violated Rule 37(d)).

Defendants further argue that they have served a written response to the request for production of documents. Defendants provided the written response after plaintiffs'

motion to compel was filed, but before the magistrate's order. The written response came more than three months after plaintiffs' initial request. "[A] delinquent party cannot avoid the sanctions by then making the response to discovery request that should have been made earlier." *Id.* § 2291. The court may consider the late response in its determination of what sanction to impose. *Id.*

The court concludes that the magistrate's imposition of sanctions under Rule 37(d) was not clearly erroneous. Defendants have not demonstrated that the failure to provide written response was "substantially justified or that other circumstances make an award of expenses unjust." Nor does the court believe that the $200 sanction is an inappropriate amount.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion for review of the magistrate's order (Doc. 81) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**